# Exhibit "A"

*Plaintiff's Complaint*

Electronically Filed
11/24/2021 3:49 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Lawrence C. Hill, Esq.
Nevada Bar No. 11989
Sean P. O'Callaghan, Esq.
Nevada Bar No. 15447
LAWRENCE C. HILL & ASSOCIATES
3430 E. Flamingo Road, Suite 232
Las Vegas, NV 89121
Tel: (702) 530-5688
Fax: (702) 666-9109
Info@LVLegalHelp.com
*Attorneys for Plaintiff*
Cyrus Boloor

CASE NO: A-21-844612-C
Department 32

# EIGHTH JUDICIAL DISTRICT COURT OF NEVADA

# CLARK COUNTY, NEVADA

| | |
|---|---|
| CYRUS BOLOOR, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., a Foreign Corporation d/b/a SAM'S CLUB; SAM'S WEST, INC, a Foreign Corporation d/b/a SAM'S CLUB; DOES I through X; ROE CORPORATIONS, I through X, inclusive;<br><br>Defendants. | Case No.:<br><br>Dept. No.:<br><br>**COMPLAINT** |

Plaintiff, Cyrus Boloor, by and through his attorneys of record, Lawrence C. Hill, Esq. and Sean P. O'Callaghan, Esq. of LAWRENCE C. HILL & ASSOCIATES, hereby alleges and avers as follows:

///

///

1

## PARTIES

1. Plaintiff, Cyrus Boloor ("Plaintiff") is and was at all times mentioned herein, a resident of Clark County, Nevada.

2. Defendant, Walmart, Inc. (individually and collectively with other Defendants, "Sam's Club") is and was at all times mentioned herein, a foreign corporation doing business as "Sam's Club" in Clark County, Nevada.

3. Defendant, Sam's West, Inc. (individually and collectively with other Defendants, "Sam's Club") is and was at all times mentioned herein, a foreign corporation doing business as "Sam's Club" in Clark County, Nevada.

4. The incident complained of occurred in Clark County, Nevada.

5. That Defendants DOES I through X, inclusive, and ROE CORPORATIONS I through X, whether individual, corporate, associates or otherwise, are fictitious names of Defendants whose true names and capacities, which at this time, are unknown to Plaintiff; Plaintiff is informed and believe and allege that Defendants at all relevant time, are responsible for the subject incident; once Defendants' true names become known to Plaintiff, Plaintiff will ask leave of this Court to amend this Complaint to insert said true names and capacities.

## JURISDICTION AND VENUE

6. Plaintiff resides within, and the acts complained of herein occurred within, Clark County, Nevada.

7. Defendants are foreign corporations incorporated in Delaware and doing business within Clark County, Nevada, where the incident complained of herein occurred.

8. The facts and evidences of this Complaint arise and can be found within Clark County, Nevada.

9. The damages complained of are in an amount sufficient to invoke the jurisdiction of this court, though not yet fully ascertained, said damages complained of are in excess of Fifteen Thousand Dollars ($15,000.00).

## GENERAL ALLEGATIONS

10. On or about September 18, 2021, Plaintiff was lawfully present on the Defendants' premises an invitee and/or customer of Sam's Club located at 7175 Spring Mountain Road, Las Vegas, Nevada 89117.

11. On or about September 18, 2021, Defendants, and each of them, negligently failed to control, supervise, and maintain the premises and further failed to warn Plaintiff of hazards which resulted in injury to the Plaintiff.

12. At all times relevant herein, Defendants, and each of them, created and/or maintained hazardous conditions, to wit: a broken pallet ("the subject pallet") upon which cases of bottled water were present and available for invitees and/or customers to retrieve and purchase.

13. At all times relevant herein, the subject pallet was damaged in a manner that presented a hazard to invitees and/or customers.

14. At all times relevant herein, the manner in which the cases of bottled water were present on the subject pallet forced customers to walk and/or set foot upon the subject pallet, creating a hazardous condition.

15. On or about September 18, 2021, the Plaintiff was retrieving a case of bottled water from the subject pallet when the hazardous condition(s), as described herein, caused the Plaintiff to fall and sustain injury.

16. At all times and places relevant herein, there existed no warning(s) or indication(s) of the hazardous condition(s).

17. The hazardous condition was created and/or maintained by Defendants, and each of them, including the agents and/or employees of the Defendants, and each of them.

18. The Defendants, and each of them, had actual and/or constructive notice of the hazardous condition and failed to abate or remedy the hazardous condition.

19. As a result of the hazardous condition, Plaintiff suffered severe personal, and other items of damage, the nature and extent of which are still not fully known.

20. At all times relevant herein, the hazardous conditions, and each of them, as described herein, were foreseeably hazardous.

21. While yet uncertain, all of the forgoing items of damage together amount to a sum in excess of Fifteen Thousand Dollars ($15,000.00).

## FIRST CAUSE OF ACTION
### (Premises Liability)

22. Plaintiff incorporates, by reference, each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

23. Plaintiff was an invitee and/or patron of Sam's Club and the property thereof.

24. Defendant, Sam's Club had a duty to forewarn invitees and/or patrons, including the Plaintiff, of known hazards and hazards that should be known on the premises and to exercise

reasonable care to protect invitees and/or patrons, including the Plaintiff, and to inspect and eliminate the known and foreseeable hazards on the premises.

25. Defendant, Sam's Club, had a duty to periodically inspect and/or correct and/or remove any natural and unnatural hazards on the premises, including hazards that pose a risk to invitees and/or patrons, including the Plaintiff.

26. Defendants owed a duty of care to Plaintiff to adequately control and maintain the premises in and around the property in a condition which would prevent injuries to lawfully present invitees and/or patrons.

27. Defendants breach their duty of care to Plaintiff by failing to maintain the safety of the premises and/or warn Plaintiff of hazards on the premises of which Defendants had actual or constructive knowledge and which directly and proximately caused injury and damages to Plaintiff.

28. As a direct and proximate result of this hazard and Defendants' breach of their duty of care to Plaintiff and to maintain the safety of the premises, Plaintiff was injured, necessitating medical treatment, past and future, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

29. As a direct and proximate result of this hazard and Defendants' breach of their duty of care to Plaintiff and to maintain the safety of the premises, Plaintiff incurred expenses for medical treatment in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

30. As a direct and proximate result of this hazard and Defendants' breach of their duty of care to Plaintiff and to maintain the safety of the premises, Plaintiff suffered general damages for

past and future pain, suffering, embarrassment, and loss of quality of life in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

31. As a further direct and proximate result of this hazard and Defendants' breach of their duty of care to Plaintiff and to maintain the safety of the premises, as set forth above, Plaintiff has been required to retain an attorney to pursue this action against Defendants and is entitled to recover reasonable attorney's fees and costs of litigation.

## SECOND CAUSE OF ACTION
### (Negligence)

32. Plaintiff incorporates, by reference, each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

33. Defendants owed Plaintiff a duty of reasonable care to Plaintiff as an invitee and/or patron.

34. Defendants' acts or omissions aforementioned constitute a breach of their duty of reasonable care.

35. As a direct and proximate result of Defendants' negligence, Plaintiff suffered general damages for past and future pain, suffering, embarrassment, and loss of quality of life in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

36. As a direct and proximate result of this hazard and Defendants' breach of their duty of care to Plaintiff and to maintain the safety of the premises, Plaintiff was injured, necessitating medical treatment, past and future, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

37.     As a further direct and proximate result of Defendants' negligence, Plaintiff incurred, or will incur, expenses for medical treatment in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

38.     As a further direct and proximate result of Defendant's negligence as set forth above, Plaintiff has been required to retain an attorney to pursue this action against Defendants and is entitled to recover reasonable attorney's fees and costs of litigation.

### THIRD CAUSE OF ACTION
**(Vicarious Liability)**

39.     Plaintiff incorporates, by reference, each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

40.     Pursuant to N.R.S. 41.130, Defendants, and each of them, are vicariously liable for the damages caused by their employees' actions and negligence, further encompassing the actions of those hired by Defendants to maintain the premises and equipment. N.R.S. 41.130 states as follows:

> Except as otherwise provided in N.R.S. 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

41.     The acts and/or omissions which created the hazards causing Plaintiff's injuries were committed by agents and/or employees of Sam's Club and each and every one of the Defendants, and the Defendants hereby caused harm to the Plaintiff.

42. The acts and/or omissions by each and every Defendant occurred within the course and scope of the agent and/or employee's employment or contractual relationship with each and every Defendant.

43. Defendant, Sam's Club, is vicariously liable and/or jointly and severally liable for the negligence of its agents and employees, under the doctrine of *respondeat superior*, which directly and proximately resulted in Plaintiff's injuries and damages.

44. As a direct and proximate result of Defendants' negligence, Plaintiff suffered general damages for past and future pain, suffering, embarrassment, and loss of quality of life in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

45. As a direct and proximate result of this hazard and Defendants' breach of their duty of care to Plaintiff and to maintain the safety of the premises, Plaintiff was injured, necessitating medical treatment, past and future, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

46. As a further direct and proximate result of Defendants' negligence, Plaintiff incurred expenses for medical treatment in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

47. As a further direct and proximate result of Defendants' actions and/or omissions, as set forth above, Plaintiff has been required to retain an attorney to pursue this action against Defendants and is entitled to recover reasonable attorney's fees and costs of litigation.

### FOURTH CAUSE OF ACTION
**(Negligent Training and Supervision)**

48. Plaintiff incorporates, by reference, each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

49. Defendant, Sam's Club, had a duty to properly and adequately hire, train, retain, and supervise employees and/or agents under its control so as to avoid unreasonable risk of harm to its invitees and/or patrons.

50. Defendant, Sam's Club, was negligent in the hiring, training, retention, and supervision of their respective agents, servant and/or employees, so as to directly and proximately cause Plaintiff's damages and are liable for said damages.

51. As a direct and proximate result of Defendants' negligent training and supervision of employees, Plaintiff suffered general damages for past and future pain, suffering, embarrassment, and loss of quality of life in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

52. As a direct and proximate result of Defendants' negligent training and supervision of employees, Plaintiff was injured, necessitating medical treatment, past and future, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

53. As a direct and proximate result of Defendants' negligent training and supervision of employees, Plaintiff incurred, or will incur, expenses for medical treatment in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

54. As a further direct and proximate result of this hazard and Defendants' negligent training and supervision of employees, as set forth above, Plaintiff has been required to retain an attorney to pursue this action against Defendants and is entitled to recover reasonable attorney's fees and costs of litigation.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief in Plaintiff's favor and against Defendants as follows:

1. For judgment against Defendants;

2. For all damages as allowed by law including compensatory, general, and special damages in an amount to be fully determined at trial;

3. For reasonable attorney's fees and costs;

4. For Plaintiff's costs;

5. For pre-judgment and post-judgment interest; and

6. For any other and further relief as the court may deem just and proper.

Dated: November 24, 2021

LAWRENCE C. HILL & ASSOCIATES

_/s/ Lawrence C. Hill_

Lawrence C. Hill, Esq.
Nevada Bar No. 11989
Sean P. O'Callaghan, Esq.
Nevada Bar No. 15447
LAWRENCE C. HILL & ASSOCIATES
3430 E. Flamingo Road, Suite 232
Las Vegas, NV 89121
Tel: (702) 530-5688
Fax: (702) 666-9109
Info@LVLegalHelp.com
*Attorneys for Plaintiff*
Cyrus Boloor